UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>               Plaintiff,<br><br>   v.<br><br>KING COUNTY and CITY OF SEATTLE,<br><br>               Defendants. | CASE NO. C19-1601-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Anthony Eugene Lewis, who is currently confined at Western State Hospital, has submitted to this court for filing an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. The Court, having reviewed plaintiff's complaint, his IFP application, and other relevant court records, recommends that plaintiff's IFP application should be denied as plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action without prepayment of the filing fee.

**DISCUSSION**

Plaintiff alleges that the defendants, King County and the City of Seattle, are violating his right to equal protection by prohibiting lifetime registered sex offenders from receiving low-income subsidized housing, thereby forcing him to remain homeless. Complaint at 4-7. He asks

REPORT AND RECOMMENDATION - 1

to receive low-income subsidized housing, monetary relief, and/or to be removed from the lifetime sex offender registry. *Id.* at 9.

Under § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim may not bring any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases plaintiff has filed while incarcerated were dismissed as frivolous or for failure to state a claim:

- *Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash.), dismissed July 9, 2019.

- *Lewis v. King County Department of Risk Management*, Case No. C18-1798-RSM (W.D. Wash.), dismissed February 22, 2019.

- *Lewis v. King County*, Case. No. C09-1039-RSL (W.D. Wash.), dismissed February 8, 2010.

- *Lewis v. Seattle Police Dep't*, Case No. C01-1246-JCC (W.D. Wash.), dismissed January 23, 2002.

In addition, this court has previously determined that plaintiff has received at least three strikes for purposes of § 1915(g) and denied plaintiff IFP status as a three-strikes litigant:

- *Lewis v. King County*, Case No. C19-1295-MJP-MAT (W.D. Wash), recommendation of dismissal filed September 20, 2019.

- *Lewis v. King County*, Case No. C19-797-JCC (W.D. Wash.), dismissed July 12, 2019.

- *Lewis v. Vail*, Case No. C10-267-RSL (W.D. Wash), dismissed May 11, 2010.

REPORT AND RECOMMENDATION - 2

1    Because plaintiff has accumulated at least three strikes, he may not proceed with this

2    action without prepayment of the full filing fee unless he shows that he was "under imminent

3    danger of serious physical injury" at the time he signed his civil rights complaint. *See* 28 U.S.C.

4    § 1915(g). The imminent danger exception requires a prisoner to allege a danger which is "ready

5    to take place or 'hanging threateningly over one's head.'" *Andrews v. Cervantes*, 493 F.3d 1047,

6    1056 (9th Cir. 2007). Plaintiff alleges that defendants' policy of denying lifetime registered sex

7    offenders access to low-income subsidized housing forces him to remain homeless. But plaintiff

8    is currently detained and does not state when he is due to be released. In addition, plaintiff does

9    not identify any serious physical injury he expects to receive as a result of being homeless.

10   Plaintiff's claims do not satisfy the imminent danger exception to § 1915(g).

11   As plaintiff has not made a credible showing that his claims satisfy the imminent danger

12   exception, the Court finds that plaintiff is ineligible to file this lawsuit in federal court without

13   paying $400.00 ($350.00 filing fee plus $50.00 administrative fee). Accordingly, the Court

14   recommends that plaintiff's IFP application be denied under 28 U.S.C.§ 1915(g). The Court

15   further recommends that plaintiff be directed to pay the filing fee within 30 days of the date this

16   Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do

17   so. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

19   This Report and Recommendation is not an appealable order. Therefore, a notice of

20   appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

21   assigned District Judge enters a judgment in the case. Plaintiff may, however, file objections to

22   this Report and Recommendation. Any objections to this Report and Recommendation must be

23   filed no later than **October 31, 2019**. The Clerk should note the matter as ready for the District

Judge's consideration on that date. Objections shall not exceed 3 pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 10th day of October, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4